WILLIAM G. MALCOLM #129271
DON ROBINSON #123411
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:   (949) 252-9400
Telecopier:  (949) 252-1032

Counsel for MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ONEWEST BANK, F.S.B., and FEDERAL
HOME LOAN MORTGAGE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARROQUIN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ONEWEST BANK, F.S.B.;<br>DEUTSCHE BANK<br>NATIONAL TRUST<br>COMPANY; MORTGAGE<br>ELECTRONIC<br>REGISTRATION SYSTEMS,<br>INC.; MTC FINANCIAL, INC.<br>dba TRUSTEE CORPS;<br>FEDERAL HOME LOAN<br>MORTGAGE CORPORATION;<br>and DOES 1 through 50,<br>inclusive,<br><br>                    Defendants. | Case No. CV12-04688-DMG (FFM)<br><br>*Honorable Dolly M. Gee*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ONEWEST BANK, FSB, AND FEDERAL HOME LOAN MORTGAGE CORPORATION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F. R. Civ. P. Rule 12(b)(6)]**<br><br>**Date:      July 20, 2012**<br>**Time:     9:30 a.m.**<br>**Ctrm:     7** |

**TO THE HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 20, 2012 at 9:30 a.m., or soon thereafter as the matter may be heard in Courtroom 7 of the above entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012-4793, Defendants

1  OneWest Bank, FSB, Mortgage Electronic Registration Systems, Inc., and Federal

2  Home Loan Mortgage Corporation will and hereby do move the Court to dismiss

3  the Complaint herein for failure to state a claim upon which relief may be granted.

4  This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil

5  Procedure.  This Motion will be based upon this Notice, the attached Memorandum

6  of Points and Authorities, the Request for Judicial Notice and Declaration of

7  William G. Malcolm which accompany the Motion, and on all pleadings, papers

8  and documents on file herein, and any oral argument which may be presented at

9  the time of the hearing.  This motion is made following the conference of counsel

10  pursuant to L.R. 7-3 which took place on May 29, 2012.

11  Dated:  June 13, 2012

12                          MALCOLM ♦ CISNEROS

13

14                  By:_____/s/ William G. Malcolm_____
15                     WILLIAM G. MALCOLM
                       Attorneys for MORTGAGE ELECTRONIC
16                     REGISTRATION SYSTEMS, INC., ONEWEST
                       BANK, FSB, and FEDERAL HOME LOAN
17                     MORTGAGE CORPORATION

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.   STATEMENT OF FACTS ......................................................... 3

II.  DISCUSSION .......................................................................... 4

    A.   *The Cause of Action for Statutory Violations Fails to State a Claim for Relief* ................................................................... 4

    B.   *The Cause of Action for Fraudulent Representation Fails to State a Claim for Relief and is Barred by the Statute of Limitations* ................................................................................ 7

    C.   *The Cause of Action for Negligent Misrepresentation is Also Barred by the Statute of Limitations* ...................................... 8

    D.   *Promissory Estoppel is Not Available When an Actual Contract Exists Between the Parties* ...................................... 10

    E.   *The Quiet Title Cause of Action Fails to State a Claim for Relief Because of Marroquin's Failure to Tender* ................ 11

    F.   *The Declaratory and Injunctive Causes of Action Should Also Be Dismissed* ...................................................................... 13

III. CONCLUSION ........................................................................ 15

# TABLE OF AUTHORITIES

## CASES

*Aguilar v. Bocci,*
    39 Cal. App. 3d 475 (1974) ............................................................. 12

*Art Movers v. Ni W.,*
    3 Cal.App.4th 640 (1994) ........................................................... 14, 5

*Bell Atlantic Corp. v. Twombly,*
    *supra,* 550 U.S. at 570 ................................................................. 15

*Benham,*
    2009 U.S. Dist. LEXIS 91287, 2009 WL 2880232, at *3 ................... 6

*Bernhardt v. County of L.A.,*
    279 F.3d 862 (9th Cir. 2002) ......................................................... 15

*Bliss v. Security-First Nat. Bank,*
    81 Cal.App.2d 50 [183 P.2d 312] ..................................................... 5

*Briosos v. Wells Fargo Bank,*
    737 F. Supp. 2d 1018 (N.D. Cal. 2010) ......................................... 12

*Calvo v. HSBC Bank USA, N.A.,*
    199 Cal. App. 4th 118 (2011) ......................................................... 13

*CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.,*
    48 F.3d 618 (1st Cir. 1995) ............................................................ 15

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,*
    911 F.2d 242 (9th Cir. 1990) ........................................................... 8

*Davenport v. Litton Loan Servicing, LP,*
    725 F. Supp. 2d 862 (N.D. Cal. 2010) ............................................. 7

*Ersa Grae Corp. v. Fluor Corp.,*
    1 Cal. App. 4th 613 (1991) ............................................................ 10

*Farmer v. Countrywide Fin. Corp.,*
    2009 U.S. Dist. LEXIS 49553, 16-17 (C.D. Cal. May 18, 2009) ........... 8

*Fox v. Ethicon Endo-Surgery, Inc.,*
    35 Cal. 4th 797 (2005) .................................................................... 9

*Gaffney v. Downey Savings & Loan Assn.,*
    200 Cal. App. 3d 1154, 246 Cal. Rptr. 421 (1988) ........................... 12

*Gilberd v. Dean Witter Reynolds, Inc.,*
    1992 U.S. Dist. LEXIS 12388 (N.D. Cal. Aug. 11, 1992) ................... 11

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
    100 F.Supp.2d 1086 (C.D. Cal. 1999) .......................................... 7, 9

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
   652 F. Supp. 2d 1039, 2009 WL 2137393, at *2 (N.D. Cal. 2009).................... 6

*Hafiz v. Greenpoint Mortgage Funding, Inc.,*
   652 F. Supp. 2d 1039 (N.D. Cal. 2009)............................................. 6

*Haskell v. Time, Inc.,*
   857 F. Supp. 1392 (E.D. Cal. 1994)............................................... 8

*Hofmann Co. v. E. I. Du Pont De Nemours & Co.,*
   202 Cal. App. 3d 390 (1988)..................................................... 7

*Hood v. Superior Court,*
   33 Cal. App. 4th 319 (1995).................................................... 14

*Jenkins v. MCI Telcoms. Corp.,*
   973 F. Supp. 1133 (C.D. Cal. 1997)............................................. 14

*Kajima/Ray Wilson v. Los Angeles County Metropolitan,*
   23 Cal. 4th 305 (2000) (quoting Rest. 2d Contracts, § 90, subd. (1),
   p. 242)....................................................................... 10

*Karlsen,*
   15 Cal. App. 3d at 117........................................................ 12

*Kelley v. Mortgage Electronic Registration,*
   642 F. Supp. 2d 1048 (N.D. Cal. 2009)......................................... 12

*Knaust v. City of Kingston, N.Y.,*
   157 F.3d 86 (2d Cir. 1998).................................................... 15

*Ladas v. California State Auto. Ass'n,*
   19 Cal. App. 4th 761 (1993)................................................... 10

*Laks v. Coast Federal Savings & Loan Assn.,*
   60 Cal. App. 3d 885 (1976).................................................... 10

*Lane v. Vitek Real Estate Indus. Group,*
   713 F. Supp. 2d 1092 (E.D. Cal. 2010).......................................... 6

*Leonard v. Bank of America,*
   16 Cal. App. 2d 341, 60 P.2d 325 (1936)....................................... 12

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd.*
   *Holdings, L.L.C.,*
   717 F. Supp. 2d 724 (E.D. Mich. 2010) 399 Fed. Appx. 97, 2010
   U.S. App. LEXIS 22764  (6th Cir. 2010)..................................... 13, 14

*Mabry v. Superior Court,*
   185 Cal. App. 4th 208 (2010)................................................... 6

*McElroy v. Chase Manhattan Mortgage Corp.,*
   134 Cal.App.4th 388 (2005).................................................... 11

*Mickens v. Corr. Med. Servs.*,
   395 F. Supp. 2d 748 (E.D. Ark. 2005) ............................................................ 11

*Nguyen v. Calhoun*,
   105 Cal. App. 4th 428, 129 Cal. Rptr. 2d 436 (2003) ................................... 12

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
   749 F. Supp. 2d 1022 (N.D. Cal. 2010) ......................................................... 13

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. Cal. 1998) ................................................................... 8

*San Francisco Design Center Assoc. v. Portman Co.*,
   41 Cal. App. 4th 29, 50 Cal. Rptr. 2d 716 (1995) .......................................... 9

*Scherbenske v. Wachovia Mortgage, FSB*,
   626 F. Supp. 2d 1052 (E.D. Cal. 2009) ......................................................... 15

*Sheppard v. Morgan Keegan & Co.*,
   218 Cal. App. 3d 61, 266 Cal. Rptr. 784 (1990) ........................................... 11

*Shimpones v. Stickney*,
   219 Cal. 637 (1934) .......................................................................................... 12

*The Prussia*,
   100 F. 484 (D. Wash. 1900) ............................................................................ 14

*United States v. Oregon State Medical Soc.*,
   343 U.S. 326, 72 S. Ct. 690, 96 L. Ed. 978 (1952) ...................................... 15

*Vila v. Inter-American Inv. Corp.*,
   570 F.3d 274 (D.C. Cir. 2009) ........................................................................ 11

*Weiner v. Klais & Co.*,
   108 F.3d 86 (6th Cir. 1997) ............................................................................ 14

## STATUTES

Cal. Civ. Proc. Code § 338(d) ....................................................................... 8, 9

California Civil Code § 2923.5 ............................................................. 4, 6, 7, 16

California Civil Code § 2941.9 ..................................................................... 4, 5

Code Civ. Proc., § 760.020, subd. (a) ............................................................ 11

## OTHER AUTHORITIES

5 Witkin, Summary of Cal. Law (9th ed. 1988) ............................................... 9

Anti-Injunction Act, 28 U.S.C. § 2283 ............................................................ 15

Richard A. Lord, 29 Williston on Contracts § 74:50 (4th ed.) ........................ 14

iv
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Torts, § 676-678, pp. 778-80.......................................................................................9

U.S. __, 131 S. Ct. 1696, 179 L. Ed. 2d 645 (2011)...............................................14

**<u>RULES</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure.............................................2

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     STATEMENT OF FACTS

On May 7, 2007, Plaintiff Jose Marroquin ("Marroquin" or "Plaintiff") and Rina Aracely Marroquin executed a Deed of Trust securing a Note for $440,000.00 payable to The Mortgage Store Financial, Inc. ("Mortgage Store") and encumbering the real property located at 1657-1659 West 67th Street, Los Angeles, California 90047 ("Property").  Complaint, Exh. A.

The Deed of Trust identified Marroquin and Rina as the "Borrowers," the Mortgage Store as the "Lender," Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Beneficiary," and Stewart Title of California, Inc. ("Stewart Title") as the Trustee under the Deed of Trust. *Id.*, pp. 1-3.

On January 8, 2010, MERS executed a Substitution of Trustee replacing Stewart Title with Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") as Trustee.  Request for Judicial Notice, Exh. 1.  On the same day, MERS executed an Assignment of Deed of Trust transferring all beneficial interest in the Deed of Trust to Defendant OneWest Bank, FSB ("OneWest"). Request for Judicial Notice, Exh. 2.  The Substitution of Trustee was recorded on April 22, 2010. *Id.*, Exh. 1.  The Assignment was recorded on August 5, 2010. *Id.*, Exh. 2.

On January 13, 2010, Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") recorded a Notice of Default and Election to Sell Under Deed of Trust.  Complaint, Exh. B.

On January 28, 2011, OneWest executed an Assignment of Deed of Trust transferring all beneficial interest in the Deed of Trust to Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac").  Request for Judicial Notice, Exh. 3.  The Assignment was recorded on June 2, 2011. *Id.*

On April 22, 2010, Trustee Corps recorded a Notice of Trustee's Sale.  Request for Judicial Notice, Exh. 4.  On June 2, 2011, Trustee Corps

1  recorded a Trustee's Deed Upon Sale showing the Property was sold at public

2  auction to Freddie Mac. *Id.*, Exh. 5.

3        On May 3, 2012, Marroquin filed a Verified Complaint for: 1.

4  Statutory Violations Based on California Civil Codes 2941.9 and 2923.5; 2.

5  Fraudulent Misrepresentation; 3. Negligent Misrepresentation; 4. Promissory

6  Estoppel; 5. Quiet Title; and 6. Declaratory and Injunctive Relief ("Complaint") in

7  the Los Angeles County Superior Court.

8        The Complaint was subsequently removed to this Court.

9  **II.    DISCUSSION**

10       **A.    The Cause of Action for Statutory Violations Fails to State**

11            **a Claim for Relief**

12        In the first cause of action, Marroquin alleges that Defendants

13  violated California Civil Code § 2941.9 in that "the act of foreclosure requires a

14  majority of the certificate holders exclusive of any notes or interest of a licensed

15  real estate broker that is the issuer or servicer of the notes ...."  Complaint, p. 5, ¶

16  21. "This," Marroquin alleges, "would exclude ONEWEST BANK, F.S.B. from

17  having said authority as well as an indenture trustee or the master servicer." *Id.*

18  Therefore, Marroquin alleges that Defendants "had no such authority to

19  commence a foreclosure of his real property absent said aforementioned

20  authority." *Id.* p. 5, ¶ 22 Marroquin also alleges that "he has never been contacted

21  by Defendant to discuss options in lieu of foreclosure of home in violation of

22  California Civil Code § 2923." *Id.* p. 5, ¶ 23

23        Neither allegation states a cognizable claim for relief.

24        California Civil Code § 2941.9(b) provides a mechanism for the

25  holders of undivided interests in notes to agree in writing to be governed by

26  interest holders holding a majority of the record interests in the notes with respect

27  to actions to be taken on behalf of all holders in the event of default or foreclosure.

28  Marroquin's accusation that Defendants violated the statute is based on the

allegation that the Mortgage Store, in conjunction with OneWest Bank et al., transferred Marroquin's Note and Deed of Trust to Deutsche Bank National Trust Company, the indenture trustee for the registered holders of IndyMac Mortgage Loan Trust 2007-A2.  Complaint, p. 4, ¶ 17.

The problems with the accusation are three-fold.  First, there is no evidence that the transfer took place.  As a Marroquin acknowledges, "the sale of Note into the Trust is undocumented in public records …."  *Id.*, ¶ 18.

Second, Civil Code § 2941.9 is permissive rather than mandatory.  The statute simply provides that "[a]ll holders of notes secured by the same real property … *may* agree in writing to be governed by the desires of the holders of more than 50 percent of the record beneficial interest of those notes or interests …."  It does not require them to do so and there is no evidence that they did so in the present case, assuming, without conceding, that the Note was actually transferred.

As a California Court of Appeal observed:

> While we have found no case expressly declaring that any one of several beneficiaries may give notice of default and election to sell, that is the clear implication of the relevant authorities.
>
> Thus, in *Bliss v. Security-First Nat. Bank*, 81 Cal.App.2d 50, 54-56 [183 P.2d 312], the court held that a notice of default and election to sell signed by a life tenant of the beneficial interest in a note and trust deed without the joinder of the remainderman was valid. The court reasoned that the life tenant had the right and duty to protect the corpus of the estate from waste and was empowered to take any action for the protection of the corpus, including foreclosure of the security upon default.

*Perkins v. Chad Development Corp.* (1979) 95 Cal. App. 3d 645, 649.

Third, the unsubstantiated allegation that the loan has been securitized and assigned to a trust pool agreement is irrelevant.  As the United States District Court for the Eastern District of California declared in rejecting a similar argument:

> [P]laintiffs contend that none of the defendants have the

1
2
3
4
5
6
7

> authority to foreclose because their loan was packaged and resold in the secondary market, where it was put into a trust pool and securitized. The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts. See, e.g., *Benham*, 2009 U.S. Dist. LEXIS 91287, 2009 WL 2880232, at *3 ("Other courts . . . have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 2009 WL 2137393, at *2 (N.D. Cal. 2009). Accordingly, the court must grant CMI and MERS's motion to dismiss plaintiffs' wrongful foreclosure claim.

8
9

*Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).

10
11
12
13
14

The theory that Defendants would have lost the power of sale if the promissory Note was assigned to a trust pool is, as the United States District Court for the Northern District of California noted in *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009), "both unsupported and incorrect."

15
16
17
18
19

The allegation that Defendants failed to contact Marroquin to discuss options in lieu of foreclosure is not only flatly contradicted by matters of public record but also irrelevant given the foreclosure sale. The Notice of Default and Election to Sell Under Deed of Trust contains a declaration executed under penalty of perjury stating:

20
21
22

> The mortgagee, beneficiary or authorized agent has tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. Thirty days or more have elapsed since these due diligence efforts were completed.

23

Complaint, Exh. B, p. 4.

24
25
26
27
28

Moreover, the foreclosure sale occurred on May 31, 2011. Request for Judicial Notice, Exh. 5. The only relief available for a violation of § 2923.5 is "a simple postponement of the foreclosure sale, nothing more." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010) ("under the plain language of section 2923.5, read in conjunction with section 2924g, the only remedy provided

1  is a postponement of the sale *before it happens*").  See also *Davenport v. Litton*
2  *Loan Servicing, LP*, 725 F. Supp. 2d 862, 878 (N.D. Cal. 2010).  Since the sale
3  has already occurred, the allegation that Defendants violated Civil Code § 2923.5
4  fails to state a claim for relief.

**B.    The Cause of Action for Fraudulent Representation Fails to State a Claim for Relief and Is Barred by the Statute of Limitations**

7        In the second cause of action, Marroquin alleges that Piedmont
8  Financial ("Piedmont"), which is not a Defendant, was the agent of Deutsche
9  Bank and acted on behalf of the other Defendants in some unspecified fashion.
10 Marroquin also alleges that Piedmont told Marroquin his credit score was "very
11 high" and that he would definitely receive a "good loan" and all the documents
12 would be prepared for him to sign.  Complaint, p. 6, ¶¶ 28-29.

13       Marroquin does not allege that any of these statements were false,
14 that he relied upon these statements, or that he was damaged as a result of his
15 reliance upon the representations.  Indeed, it is unclear how Marroquin could have
16 been damaged by relying on the representation that he had a high credit rating or
17 that all documents would be prepared for him to sign.  As such, he has failed to
18 state a claim for relief for fraudulent representation.

19       The alleged representation that Marroquin's credit score was high and
20 is a matter of opinion or puffery.  The alleged representation that Marroquin
21 would receive a "good" loan is an opinion, prediction, or puffery.  None of these is
22 actionable.  "[M]ere opinions cannot by definition be false statements of fact ...."
23 *Hofmann Co. v. E. I. Du Pont De Nemours & Co.*, 202 Cal. App. 3d 390, 397
24 (1988).  "[P]redictions as to future events are deemed opinions, and not actionable
25 by fraud."  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086,
26 1093 (C.D. Cal. 1999).

27       Whether an alleged misrepresentation amounts to puffery may be
28 determined on a motion to dismiss.  *Cook, Perkiss & Liehe, Inc. v. N. Cal.*

1   *Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "The distinguishing

2   characteristics of puffery are vague, highly subjective claims as opposed to

3   specific, detailed factual assertions." *Haskell v. Time, Inc.*, 857 F. Supp. 1392,

4   1399 (E.D. Cal. 1994). Characterizing a loan as "good" is mere puffery, as the

5   United States District Court for the Central District of California found in *Farmer*

6   *v. Countrywide Fin. Corp.*, 2009 U.S. Dist. LEXIS 49553, 16-17 (C.D. Cal. May

7   18, 2009)[1] (characterizing representation that Countrywide Mortgage would

8   provide borrowers with "the best mortgage rate possible for their home" as

9   "puffery").

10          These defects are fatal and cannot be cured by amendment because

11   the cause of action is barred by the statute of limitations. The statute of limitations

12   for fraud is three years. Cal. Civ. Proc. Code § 338(d); *Ritchey v. Upjohn Drug*

13   *Co.*, 139 F.3d 1313, 1320 (9th Cir. Cal. 1998). Marroquin entered into the loan on

14   May 7, 2007. He filed the Complaint on May 3, 2012.

15          This is not a case in which equitable tolling could apply. If Marroquin

16   did not receive a "good" loan, he would have discovered the deception as soon as

17   he started making payments. As such, the cause of actions should be dismissed

18   with prejudice.

19   **C.    The Cause of Action for Negligent Misrepresentation Is**

20          **Also Barred by the Statute of Limitations**

21          In the third cause of action, Marroquin alleges that Piedmont and

22   Deutsche Bank "represented to [Marroquin] that his income was sufficient to

23   obtain the loan and without fully explained (sic) the terms of the loan which was

24   set as an adjustable rate," represented that they were working for the benefit of

25   Marroquin and in his particular best interest, and that he relied on these

26   representations "to purchase a loan he could not afford due to his income,"

27

28   _____

[1] A copy of this decision is attached to the Declaration of William G. Malcolm in Support of the Motion to Dismiss ("Malcolm Declaration"), Exh. A.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   Complaint, pp. 7-8, ¶¶ 37-38, 41.

2         The alleged representation that unidentified Defendants represented

3   that they were working for the benefit of Marroquin and in his best interests was

4   simply puffery.   The alleged representation that Marroquin's income was

5   sufficient to obtain the loan was true.  Marroquin's income was sufficient to obtain

6   the loan, as evidenced by the fact that he obtained it.  If Marroquin means to say

7   that Defendants represented he could "afford" the loan, that was a prediction as to

8   future events, and not actionable.

9         As the United States District Court for the Central District of

10   California has observed:

11         The alleged misrepresentation must ordinarily be an affirmation
of past or existing facts to be an actionable fraud claim; predictions as

12   to future events are deemed opinions, and not actionable by fraud. 5
Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676-678, pp.

13   778-80; *San Francisco Design Center Assoc. v. Portman Co.*, 41 Cal.
App. 4th 29, 50 Cal. Rptr. 2d 716, 724 (1995).

14

15   *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, supra, 100 F.Supp.2d at 1093.

16         Moreover, the cause of action is barred by the three-year statute of

17   limitations set forth in Code of Civil Procedure § 338(d).  Marroquin entered into

18   the loan on May 7, 2007.  Any statements about loan affordability that induced

19   Marroquin to enter into the loan had to occur before that date.  The Complaint was

20   filed almost five year later.

21         California law clearly establishes that a plaintiff whose complaint

22   shows on its face that his claim would be barred without the benefit of the

23   discovery rule must specifically plead facts to show (1) the time and manner of

24   discovery and (2) the inability to have made earlier discovery despite reasonable

25   diligence.  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).  In

26   order to adequately allege facts supporting a theory of delayed discovery, the

27   plaintiff must plead that, despite diligent investigation of the circumstances of the

28   injury, he or she could not have reasonably discovered facts supporting the cause

1    of action within the applicable statute of limitations period. *Fox, supra*, 35
2    Cal.4th at 809.

3           Marroquin has failed to plead facts justifying delayed discovery. If
4    he could not afford the loan, there is no reason he could not have discovered this
5    fact the day the first payment came due. If he could afford the loan for the first
6    several years but this changed a loss of employment or because of an increase in
7    the index to which his interest rate was pegged, the representation was not false at
8    the time it was made.

9           In any event, the representation that Marroquin could afford the loan
10   was a prediction rather than an affirmation of past or existing facts. Thus, the
11   cause of action should be dismissed with prejudice.

### D.   <u>Promissory Estoppel Is Not Available When an Actual Contract Exists Between the Parties</u>

14          The elements of a promissory estoppel claim are "(1) a promise clear
15   and unambiguous in its terms; (2) reliance by the party to whom the promise is
16   made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party
17   asserting the estoppel must be injured by his reliance." *Laks v. Coast Federal
18   Savings & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976); *Kajima/Ray Wilson v.
19   Los Angeles County Metropolitan*, 23 Cal. 4th 305 (2000) (quoting Rest. 2d
20   Contracts, § 90, subd. (1), p. 242).

21          To be enforceable, a promise must be definite enough that a court can
22   determine the scope of the duty and the limits of performance must be sufficiently
23   defined to provide a rational basis for the assessment of damages. *Ladas v.
24   California State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993). Whether a
25   contract term is sufficiently definite to be enforceable is a question of law for the
26   court. *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991).

27          In the fourth cause of action, Marroquin alleges that he "relied on the
28   promises of Defendants because of their experience and expertise in real estate

1   matters." Complaint, p. 9, ¶ 47.  No promises are identified.

2          The cause of action suffers from two defects, one of which is

3   incurable.  First, it goes without saying that a promise that is not identified at all is

4   not definite enough to be enforced.

5          Second and fatally for the cause of action, "[p]romissory estoppel

6   applies where an actual contract does not exist or is not enforceable ...." *Gilberd*

7   *v. Dean Witter Reynolds, Inc.*, 1992 U.S. Dist. LEXIS 12388 (N.D. Cal. Aug. 11,

8   1992)[2] (citing *Sheppard v. Morgan Keegan & Co*, 218 Cal. App. 3d 61, 266 Cal.

9   Rptr. 784, 787 (1990); *Vila v. Inter-American Inv. Corp.*, 570 F.3d 274, 280 (D.C.

10  Cir. 2009) ("Underscoring the nature of promissory estoppel and unjust

11  enrichment as remedies for failed agreements, courts tend not to allow either

12  action to proceed in the presence of an actual contract between the parties");

13  *Mickens v. Corr. Med. Servs.*, 395 F. Supp. 2d 748, 753 (E.D. Ark. 2005)

14  ("promissory estoppel is an alternative theory which is not available when an

15  actual contract exists").

16         Because an actual contract exists, the cause of action for promissory

17  estoppel should be dismissed with prejudice.

18         **E.     The Quiet Title Cause of Action Fails to State  a Claim for
           Relief Because of Marroquin's Failure to Tender**

19

20         In the fifth cause of action, Marroquin seeks to quiet title to the

21  Property against the claims of Defendants.

22         By law, an action to quiet title is brought against one making an

23  adverse claim to real property.  Code Civ. Proc., § 760.020, subd. (a).  Therefore,

24  the cause of action to quiet title fails to state a claim for relief against OneWest

25  and MERS, which claim no interest in the Property after the foreclosure sale to

26  Freddie Mac. See, e.g., *McElroy v. Chase Manhattan Mortgage Corp.*, 134

27  Cal.App.4th 388, 391 (2005) (trial court sustained demurrer to quiet title claim

28
    ---
    [2] A copy of this decision is attached to the Malcolm Declaration as Exh. B.

without leave to amend because lender was not 'claiming any ownership interest' in the property" after the property was transferred to the high bidder at a foreclosure sale).

The cause of action also fails to state a claim for relief against Freddie Mac because Marroquin has failed to tender the indebtedness. As the California Supreme Court observed more than 75 years ago, "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); see also *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged ... that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."). "[T]o maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage." *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (citation and internal quotation omitted).

As the United States District Court for the Northern District of California observed:

> "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439, 129 Cal. Rptr. 2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose is of no effect." (internal quotation marks omitted). The debtor bears "responsibility to make an **unambiguous tender of the entire amount due** or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165; see also *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478, 114 Cal. Rptr. 91 (1974) (stating that a trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid. He is entitled to remain in possession, but cannot clear his title without satisfying his debt."); *Karlsen*, 15 Cal. App. 3d at 117 ("'. . . It is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize.'") (quoting *Leonard v. Bank of America*, 16 Cal. App. 2d 341, 344, 60 P.2d 325 (1936)).

1  *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 1022 (N.D. Cal.

2  2010) (emphasis added).

3      Given Marroquin's failure to tender the loan proceeds and the fact

4  that MERS and OneWest claim no interest in the Property, the cause of action

5  should be dismissed with prejudice.

6  **F.    The Declaratory and Injunctive Relief Causes of Action**

7  **Should Also Be Dismissed**

8      In the sixth and final cause of action for declaratory and injunctive

9  relief, Marroquin alleges that an actual controversy has arisen and now exists

10  because: (1) OneWest was not the present holder in due course or beneficiary

11  under the Deed of Trust or of the Promissory Note executed by Plaintiff; (2)

12  Defendants are not the real parties in interest, did not have standing, and were not

13  entitled to accelerate the mature of any secured obligation and sell the  Property

14  because they were not a beneficiary or authorized agent of the beneficiaries under

15  the Note.  Complaint, p. 11, ¶ 57.  Marroquin seeks an injunction to prevent

16  Defendants from reselling the Property and evicting Marroquin. *Id.*, ¶¶ 58-59.

17      The cause of action fails to state a claim for relief for at least six

18  reasons.  First, the assertion that OneWest was not the beneficiary under the Deed

19  of Trust is flatly contradicted by the Assignment of Deed of Trust executed on

20  January 8 and recorded on August 5, 2010.[3]  Request for Judicial Notice, Exh. 2.

21      Second, Marroquin lacks standing to challenge the assignment.

22  "[F]or over a century," state and federal courts have held that "a litigant who is not

23  a party to an assignment lacks standing to challenge that assignment." *Livonia*

24  *Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F.

25  Supp. 2d 724, 736-737 (E.D. Mich. 2010), *aff'd*, 399 Fed. Appx. 97, 2010 U.S.

26  _____

27  [3] OneWest had the power to exercise the power of sale even before the assignment was recorded.
See, e.g., *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 122 (2011) ("It has been

28  established since 1908 that this statutory requirement that an assignment of the beneficial interest
in a debt secured by real property must be recorded in order for the assignee to exercise the
power of sale applies only to a mortgage and not to a deed of trust.")

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   App. LEXIS 22764 (6th Cir. 2010), cert. denied, __ U.S. __, 131 S. Ct. 1696, 179

2   L. Ed. 2d 645 (2011) ("borrower may not challenge the validity of assignments to

3   which it was not a party"); *The Prussia*, 100 F. 484 (D. Wash. 1900) (holding the

4   validity of an assignment cannot be collaterally attacked on the ground of alleged

5   technical irregularities by a non-party to the assignment, where no objection is

6   made by the assigning entity); Richard A. Lord, 29 Williston on Contracts § 74:50

7   (4th ed.) ("the debtor has no legal defense [based on invalidity of the

8   assignment]… for it cannot be assumed that the assignee is desirous of avoiding

9   the assignment.")

10      Third, as the United States District Court for the Central District of

11   California has observed, causes of action for declaratory and injunctive relief "are

12   not claims for relief, they are the relief." *Jenkins v. MCI Telcoms. Corp.*, 973 F.

13   Supp. 1133, 1139 (C.D. Cal. 1997). An injunction or declaratory relief "may not

14   be issued if the underlying cause of action is not established." *Art Movers v. Ni*

15   *W.*, 3 Cal.App.4th 640, 647 (1994).

16      Thus, the existence of an actual controversy hinges upon the Court's

17   determination that Marroquin has set forth valid claims for relief in the remaining

18   causes of action. See, e.g., *Weiner v. Klais & Co.*, 108 F.3d 86, 92 (6th Cir. 1997)

19   ("Plaintiff is not entitled to [declaratory] relief in the absence of a viable claim").

20   Since Marroquin has failed to set forth valid claims for relief in the other causes of

21   action, the controversy is illusory and declaratory and injunctive relief are

22   unnecessary and inappropriate.

23      Fourth, where a plaintiff has alleged a substantive cause of action, as

24   Marroquin has done here, a declaratory relief claim should not be used as a

25   superfluous "second cause of action for the determination of identical issues"

26   subsumed within the first. *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324

27   (1995) (internal quotation marks omitted).

28      Fifth, most of the harm Marroquin seeks to prevent occurred when the

14
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Property was sold at the foreclosure sale.  "The sole function of an action for injunction is to forestall future violations."  *United States v. Oregon State Medical Soc.*, 343 U.S. 326, 332, 72 S. Ct. 690, 695, 96 L. Ed. 978 (1952). Though courts "'possess great authority, they lack the power, once a bell has been rung, to unring it.'"  *Knaust v. City of Kingston, N.Y.*, 157 F.3d 86, 88 (2d Cir. 1998)(quoting *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 48 F.3d 618, 621 (1st Cir. 1995)). "Where the activities sought to be enjoined already have occurred, … the action is moot, and must be dismissed." *Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002).

Sixth, to the extent that Marroquin is asking the Court to enjoin eviction proceedings, the Court lacks authority to do so.  As the United States District Court for the Eastern District of Court of California observed several years ago, "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *Scherbenske v. Wachovia Mortgage, FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).  "The court is … prevented from entering the temporary restraining order plaintiff seeks due to the Anti-Injunction Act, 28 U.S.C. § 2283." *Id.* at 1058.

As such, the causes of action for declaratory and injunctive relief should be dismissed with prejudice.

### III.   CONCLUSION

In order to survive a motion to dismiss for failure to state a claim a complaint must set forth "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, *supra*, 550 U.S. at 570.  Marroquin's Complaint constitutes nothing more than speculation coupled with the formulaic recitation of some of the elements of various causes of action lacking in specific facts, implausible on their face, and barred by the statute of limitations.

In the first cause of action, Marroquin speculates that fractional interests in the Note have been sold and contends Defendants violated a statute

governing joint note holders that is permissive rather than mandatory. Marroquin also alleges that Defendants violated Civil Code § 2923.5, although the Notice of Default contains a declaration executed under penalty of perjury that Defendants complied with the statute and the only remedy for a violation of the statute is a postponement of the sale before it occurs.

The second and third causes of action for fraudulent and negligent misrepresentation are barred by the statute of limitations. The fourth cause of action for promissory estoppel is based on a promise that is never identified and is unavailable because an actual contract exists. Marroquin cannot quiet title because two of the three Defendants claim no interest in the Property and Marroquin has not paid the secured debt.

Declaratory and injunctive relief are remedies rather than causes of action. Marroquin does not qualify for these remedies because of his failure to establish valid claims for relief in the previous causes of action.

For the foregoing reasons, Defendants request the Court to dismiss the Complaint with prejudice.

Dated: June 13, 2012

MALCOLM ♦ CISNEROS

By: ____/s/ William G. Malcolm____
WILLIAM G. MALCOLM
Attorneys for MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ONEWEST
BANK, FSB, and FEDERAL HOME LOAN
MORTGAGE CORPORATION

MOTION TO DISMISS PLAINTIFF'S COMPLAINT